IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

VS.                   CRIMINAL CASE NO. 01-CR-40019-001
                      CIVIL CASE NO. 04-CV-4030

BRIAN L. BROWN                                                      DEFENDANT

## ORDER

Before the Court is Defendant Brian L. Brown's Motion for Certificate of Appealability. (Doc. 194). Also before the Court is Brian L. Brown's *pro se* Motion for Extension of Time to file Certificate of Appealability. (Doc. 198), Brown's *pro se* Motion for Extension of Time to Correct Errors in Doc. 194, Certificate of Appealability, (Doc. 199), and Brown's *pro se* Motion to Compel Court Appointed Counsel to Assist Defendant. (Doc. 200). Brown is currently serving concurrent terms of life in prison after a jury found him guilty of kidnaping and aggravated sexual abuse of a child in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2241(c). The United States Court of Appeals for the Eighth Circuit affirmed Brown's convictions on direct appeal. *U.S. v. Brown*, 330 F.3d 1073 (8th Cir. 2002).

Brown brought this lawsuit pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. This Court adopted (Doc. 193) the Report and Recommendations of United States Magistrate Judge Bobby E. Shepherd, which found Brown's claims for relief procedurally barred and substantively without merit. (Doc. 187). Through his appointed counsel, John B. Schisler, Assistant Federal Public Defender, Brown now seeks to appeal this Court's (1) denial of his ineffective assistance of counsel claim and (2) use of closed-circuit television system for the trial testimony of the child victim. (Doc. 194, pg. 3).

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue if "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

The Court denied Brown's claim of ineffective assistance of counsel because Brown was not prejudiced by "any failure of his appellate counsel to assert, on [direct] appeal, the claims now asserted by Brown in this § 2255 proceeding." (Doc. 197, pg. 30). As thoroughly reviewed by Judge Shepherd, the weight of evidence at trial against Brown was overwhelming. (Doc. 187, pgs. 8-10). However, Brown's appellate counsel failed to raise any of the claims asserted in this proceeding. As a result, Brown's claims for relief in this proceeding are subject to plain error review. Fed. R. Civ. P. 52(b). "Without an objection and a proper request for relief, the matter is waived and will receive no consideration on appeal absent plain error." *Owen v. Patton, 925 F.2d 1111, 1115 (8th Cir. 1991)*; *see also United States v. Griggs*, 431 F.3d 1110, 1114 (8th Cir. 2005)(if a defendant fails to preserve error, appellate review is for plain error rather than harmless error). "Under plain-error review, relief is not warranted unless the defendant demonstrates an error that is plain and that affects the defendant's substantial rights." *United States v. Collins*, 340 F.3d 672, 682 (8th Cir. 2003). The Court believes reasonable jurists could debate the resolution of Brown's ineffective assistance of counsel claim, at least to extent that Brown complains of the failure of his appellate counsel to raise on direct appeal the objections contained in this § 2255 proceeding.

The Court also denied Brown's Confrontation Clause objection to the use of closed-circuit television for the trial testimony of the child victim in this case. In *Maryland v. Craig*, 497 U.S. 836, 853 (1990), the United State Supreme Court concluded that "a State's interest in the physical and psychological well-being of child abuse victims may be sufficiently important to outweigh, at least in some cases, a defendant's right to face his accusers in court." *Id.* In order for child testimony to be presented without face-to-face confrontation, the trial court must, in a case-specific manner, hear evidence and determine whether a system is necessary to protect the welfare of the child witness. *Id.* at 855. The trial court must find that: "it is the presence of the defendant" rather than the courtroom generally, that would traumatize the child witness; and, the trial court must find that the emotional distress suffered by the child "is more than *de minimus, i.e.,* more than 'mere nervousness or excitement or some reluctance to testify.'" *Id.* at 856 (*quoting Widermuth v. State*, 310 Md. 496, 524 (1987).

Through counsel, Brown now argues that the closed circuit system employed by this Court at trial fails to meet the standards set forth in *United States v. Bordeaux*, 400 F.3d 548 (8th Cir. 2005), *Maryland v. Craig*, 497 U.S. 836 (1990), and 18 U.S.C. § 3509, because the child victim could not see the image of the Defendant while testifying. The Court is satisfied that Brown has made the requisite substantial showing of the denial of a constitutional right and that reasonable jurists could debate the Court's resolution of this Constitutional challenge.

## CONCLUSION

For the reasons stated herein and above, Defendant Brian Brown's Motion for Certificate of Appealability should be and hereby is **GRANTED**. Brown shall be allowed to take appeal of this Court's (1) denial of his ineffective assistance of counsel claim and (2) use of closed-circuit

television system for the trial testimony of the child victim.

Further, the Court finds that Brown's *pro se* Motion for Extension of Time to file Certificate of Appealability, (Doc. 198), Brown's *pro se* Motion for Extension of Time to Correct Errors in Certificate of Appealability, (Doc. 199), and Brown's *pro se* Motion to Compel Court Appointed Counsel to Assist Defendant. (Doc. 200) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 27th day of October, 2006.

                                              /s/Harry F. Barnes
                                          Hon. Harry F. Barnes
                                          United States District Judge