IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

VS.                              CRIMINAL CASE NO. 01-CR-40019-001
                                 CIVIL CASE NO. 04-CV-4030

BRIAN L. BROWN                                                                           DEFENDANT

## ORDER

Brian L. Brown moves for reconsideration of the Court's July 13, 2006 Order, which adopted the Report and Recommendations of the United States Magistrate Judge. (Doc. 220). Relying on FED. R. CIV. P. 60(b)(5) and 60(b)(6), Brown argues that changes in United States Supreme Court precedent render the Court's previous decision erroneous. The Government has filed a response, seeking to have Brown's motion dismissed as an unauthorized successive petition for habeas corpus relief. (Doc. 222). The Court finds the matter ripe for consideration.

### I. BACKGROUND

Brown is currently serving concurrent terms of life in prison after a jury found him guilty of kidnaping and aggravated sexual abuse of a child in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2241(c). The United States Court of Appeals for the Eighth Circuit affirmed Brown's convictions on direct appeal. *U.S. v. Brown*, 330 F.3d 1073 (8th Cir. 2002).

Brown brought this lawsuit pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Pursuant to the provisions of 28 U.S.C. § 636(b), the case was referred to the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas,[1]

---

[1] Judge Shepherd has since been appointed to the United States Court of Appeals for the Eight Circuit, where he currently sits.

for the purpose of making a report and recommendations. This Court adopted the Magistrate Judge's Report and Recommendations, which found Brown's claims for habeas corpus relief procedurally barred and substantively without merit. (Docs. 187 and 193). Brown moved for a Certificate of Appealability ("COA"), (Doc. 194), which was granted in his favor with respect to this Court's (1) denial of his ineffective assistance of counsel claim and (2) use of closed-circuit television system for the trial testimony of the child victim. (Doc. 201). The United States Court of Appeals for the Eighth Circuit affirmed the Court's July 13, 2006 Order, (Doc. 215), and the United States Supreme Court denied certiorari. (Doc. 219). Thereafter, Brown filed the instant motion for reconsideration.

## II. DISCUSSION

Although Brown has styled his motion as one seeking reconsideration under Rule 60(b), the Supreme Court has discussed at length that such motions may, under certain circumstances, be consider successive habeas corpus petitions. *See Gonzales v. Crosby*, 545 U.S. 524 (2005). Because successive habeas petitions require a COA from the court of appeals, see 28 U.S.C. § 2244(b)(3), and Brown has not sought a COA, the instant motion must be dismissed if it is in substance a successive habeas petition. As this question is jurisdictional in nature, the Court begins its analysis by determining the proper characterization of the instant pleading.

In *Crosby*, the Supreme Court explained the distinction between permissible Rule 60 motions and impermissible successive habeas petitions in terms of whether the motion advanced a "claim":

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

545 U.S. at 532 (citations and footnotes omitted). The Supreme Court also warned that "a Rule

60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" 545 U.S. at 531-32.

On its face, Brown's Rule 60(b) motion seeks to have the Court reconsider the merits of his habeas petition in light of supposed changes in Supreme Court case law. *See* Doc. 220 ("Motion for Merit Reconsideration"). Thus, under *Crosby*, Brown's motion for reconsideration is in substance a successive habeas petition and Brown must obtain a COA before proceeding.

### III. CONCLUSION

Upon consideration, Brown's Motion to Reconsider the Court's Order Adopting the Report and Recommendation of the United States Magistrate Judge should be and hereby is **DENIED**, and the Government's Motion to Dismiss[2] should be and hereby is **GRANTED**. Brown's two Motions for Extensions of Time, (Doc. 218 and Doc. 229), Motion for Leave to File Brief re the *Teague* Doctrine, (Doc. 223), Motion for Emergency Leave, (Doc. 225), and Motion for Judgment in Pending Issues, (Doc. 228), are **DENIED** as moot.

**IT IS SO ORDERED**, this 3rd day of December, 2010.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[2] The Government's Motion to Dismiss pertains only to Brown's Motion to Reconsider, which is in substance a new habeas petition.