IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                RESPONDENT

v.                          Crim. No. 4:01-CR-40019
                            Civil No. 4:11-CV-4028

BRIAN BROWN                                                MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Correct an Illegal Sentence filed herein by BRIAN BROWN,

(hereinafter referred to as "Movant")  an inmate currently confined in the Federal Bureau of Prisons.

ECF No. 253.[1]   The United States of America ("Respondent") filed its Motion to Strike Successive

2255 Motion on the same day.  ECF No. 254.  These Motions were referred for findings of fact,

conclusions of law and recommendations for the disposition of the case.

## A.  Factual and Procedural Background

Movant was indicted on November 29, 2001 and charged with violation of 18 U.S.C. §

1201(a)(1) and 2241(c) for kidnaping and aggravated sexual assault of a child.  Following his

conviction by a jury, Movant was sentenced on June 24, 2002, to two concurrent life sentences.  ECF

No. 80.[2]  Thereafter, on February 23, 2004,  Movant sought to set aside his sentence in his first motion

pursuant 28 U.S.C. § 2255.  ECF No. 106.   On March 14, 2006, following appointment of counsel,

an evidentiary hearing, and post hearing briefing, U.S. Magistrate Judge Bobby Shepherd entered his

---

[1] References to documents filed with the Court are referred to by docket number and referenced
"ECF No. ____."

[2] A full factual and procedural background of the original criminal proceeding and direct appeal is
summarized in the Report and Recommendation, recommending denial of Movant's first Motion pursuant
to §2255, entered by United States Magistrate Judge Bobby E. Shepherd on March 14, 2006.  ECF No.
187.  This summary will not be repeated in this Order.

Report and Recommendation, recommending the first motion filed by Movant pursuant to § 2255 be denied. ECF No. 187.   U.S. District Judge Harry F. Barnes adopted the Report and Recommendation and denied the motion on July 13, 2006.  ECF No. 193.   Movant appealed this Order, and the United States Court of Appeal for the Eighth Circuit affirmed the Order denying his request for relief.  ECF No. 215. Since that time, Movant has filed numerous motions seeking various types of post-conviction relief.

Movant filed the instant Motion on March 22, 2011.  He styles his pleading "Motion to Correct an Illegal Sentence that Violates Ex Post Facto Clause Fed. R. Crim Proc. Rule 35 (2001)."  ECF No. 253.  Following the Court docketing the Motion as a Motion to Correct Sentence pursuant to §2255, Movant filed an objection to the Clerk docketing this Motion as a request for relief pursuant to § 2255, claiming instead it was a proper Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2241.  ECF No. 255. A review of his pleading, however, reveals Movant complains of "false information, tampered witnesses, altered documents, perjured evidence and non-impartial justices, to advance a cause of other than this Court's Justice" and requests that the Court "vacate sentence and correctly sentence" Movant.  ECF No. 253.  All of Movant's complaints in this new Motion amount to an attack on his sentence in one form or another.   He states quite clearly that the "Sentence is Illegal" and questions the sentencing Court's application of the United States Sentencing Guidelines. ECF No. 253 p. 4.  He requests the Court vacate his sentence.  The Clerk of this Court properly docketed this matter as a Motion to Correct Sentence pursuant to § 2255.  Respondent has replied and asserts the matter should be dismissed as a successive petition.  ECF No. 254.

**B. Discussion**

    **1.  <u>Section 2255 Motion Generally</u>**:

As a preliminary matter, it should be noted that a motion pursuant to 28 U.S. C. § 2255   is

fundamentally different from a direct appeal.  The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255.  *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005).   Section § 2255 provides that a prisoner "in custody under sentence" of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence."  The statute states four grounds upon which such relief may be claimed:

(1) "that the sentence was imposed in violation of the Constitution or laws of the United States,"

(2) "that the court was without jurisdiction to impose such sentence;"

(3) "that the sentence was in excess of the maximum authorized by law;" and

(4) that the sentence "is otherwise subject to collateral attack."

Further, § 2255 requires any second or successive petition be certified by the appropriate Federal Court of Appeals prior to filing in the district court.  Section 2255(h) provides:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

## 2. **Instant Motion**:

Movant here seeks to relitigate various claims related to his sentence in the underlying criminal case.  His claims include  "false information, tampered witnesses, altered documents, perjured evidence and non-impartial justices, to advance a cause of other than this Court's Justice."  ECF No. 253 p. 3.    He clearly seeks to attack his original sentence in the underlying criminal case.  The Respondent asserts the substantive claims made by Movant have either been previously decided by the

Court, have been waived by failure to raise the claim in a previous proceeding, or are time barred.  The Respondent does not address the substantive claims in the pending Motion, but rather seeks to strike the Motion as a successive petition pursuant to 28 U.S.C. § 2255(h).   ECF No. 254.

This is the at least second motion the Movant has filed attacking his sentence.  As noted above, the first motion filed was denied by this Court on July 13, 2006, and this denial was affirmed by the Court of Appeals.

The Eighth Circuit has held that a petitioner may not circumvent § 2255 procedural requirements by bringing successive § 2255 actions under other names.  *See  United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir.2002).  The instant Motion is clearly an attack on the sentence imposed in the underlying criminal case, and thus, constitutes a § 2255 motion.  Further, the Movant's current § 2255 motion constitutes a "second or successive motion" within the meaning of 28 U.S.C. § 2255(h).  A petitioner seeking to file a second or successive § 2255 motion challenging a conviction or sentence must first obtain Circuit Court certification. 28 U.S.C. § 2255(h).  Accordingly, the Movant must first obtain authorization from the appropriate court of appeals.  In this case, the United States Court of Appeals for the Eighth Circuit is the appropriate court of appeals.  *See Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir. 1998)(these restrictions are not an unconstitutional suspension of the writ of *habeas corpus*); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(only the court of appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D.Ark. 1996)(citing *Nunez*).   "[F]ederal prisoners may not file 'second or successive' § 2255 motions without an appropriate certification from the circuit court. The rule is absolute. Prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district court." *Boykin v. United States*, 242 F.3d 373 (8th Cir. 2000).  Absent a certification from the

appropriate court of appeals, a district court lacks "the power and authority" to entertain a successive motion filed pursuant to § 2255.  *Id.*  Because the Movant failed to obtain certification from the Eighth Circuit Court of Appeals, this Court lacks jurisdiction and the instant Motion should be denied.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the Motion to Correct an Illegal Sentence (ECF No. 253) be **DENIED**.[3]  It is also recommend that Respondent's  Motion to Strike Successive 2255 Motion (ECF No. 254) be **GRANTED**.  Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from the denial of Movant's Motion would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **8th day of June, 2011.**


 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).