IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

v.                                    Case No. 4:01-CR-40019

BRIAN BROWN                                                                      MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Reconsider Judgements by this Court, filed herein by BRIAN BROWN, (hereinafter referred to as "Brown") an inmate currently confined in the Federal Bureau of Prisons. ECF No. 285.[1]  No order to respond to this Motion has been entered by the Court. This Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

### A. Factual and Procedural Background

Brown was indicted on November 29, 2001 and charged with violation of 18 U.S.C. § 1201(a)(1) and 2241(c) for kidnaping and aggravated sexual assault of a child. Following his conviction by a jury, Brown was sentenced on June 24, 2002, to two concurrent life sentences. ECF No. 80.[2]  Thereafter, on February 23, 2004, Brown sought to set aside his sentence in his first motion pursuant 28 U.S.C. § 2255. ECF No. 106.  On March 14, 2006, following appointment of counsel, an evidentiary hearing, and post hearing briefing, U.S. Magistrate Judge Bobby Shepherd entered his

---

[1] References to documents filed with the Court are referred to by docket number and referenced "ECF No. ___."

[2] A full factual and procedural background of the original criminal proceeding and direct appeal is summarized in the Report and Recommendation, recommending denial of Brown's first Motion pursuant to §2255, entered by United States Magistrate Judge Bobby E. Shepherd on March 14, 2006. ECF No. 187. This summary will not be repeated in this Order.

Report and Recommendation, recommending the first motion filed by Brown pursuant to § 2255 be denied. ECF No. 187. U.S. District Judge Harry F. Barnes adopted the Report and Recommendation and denied the motion on July 13, 2006. ECF No. 193. Brown appealed this Order, and the United States Court of Appeal for the Eighth Circuit affirmed the Order denying his request for relief. ECF No. 215.

On March 22, 2011, Brown filed a "Motion to Correct an Illegal Sentence that Violates Ex Post Facto Clause Fed. R. Crim Proc. Rule 35 (2001)." ECF No. 253. The Court construed the motion as one seeking relief pursuant to § 2255 and recommended it be dismissed as a successive motion filed without permission from the United States Court of Appeal for the Eighth Circuit. ECF No. 263. This recommendation was adopted by United States District Judge Harry F. Barnes on January 3, 2012, and Brown's motion was denied and dismissed. ECF No. 278.

Brown also filed a Petition for Mandamus with the Eighth Circuit on June 29, 2011. ECF No. 269. The Eighth Circuit construed the Petition as a request to file a successive motion pursuant to 28 U.S.C. § 2255 (ECF No. 271) and denied it (ECF No. 273-1).

**B.  Claims in the Instant Motion**:

Brown now files his "Motion to Reconsider Judgements by this Court." ECF No. 285. With this Motion Brown raises the following issues:

> 1. The judgement and sentence in this case violate the Constitution and is otherwise subject to collateral attack. With this issue Brown freely admits he argued this issue in a previous § 2255 proceeding. ECF No. 285-1, p. 2.
>
> 2. He should be allowed to "retest" certain evidence admitted at the original trial of his criminal case. ECF No. 285-1, pp.3-11. Again he admits this was an issue previously raised in a § 2255 proceeding. He references the prior § 2255 evidentiary hearing and some of the "new evidence" produced therein.
>
> 3. The recent U.S. Supreme Court Decision in *Welch v. United States*, provides for collateral review of his judgment and sentence. He specifically claims Welch "should cause a 'Grant' of a writ of *habeas corpus*." ECF No. 285-1, pp. 12-13.

      4. He claims this Court improperly calculated his sentence range under the United States Sentencing Guidelines. ECF No. 285-1, p. 13. He discusses several ways the Court erred in its guidelines determination.

Each of these issues was previously considered by this Court. Each of these issues is clearly an attack on his sentence and should be construed as a motion to vacate pursuant to § 2255.

## C. Discussion

### 1. Section 2255 Motion Generally:

A "second or successive" § 2255 may not be filed absent certification by the appropriate Federal Court of Appeals prior to filing in the district court. Section 2255(h) provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the Movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Eighth Circuit has held a movant may not circumvent § 2255 procedural requirements by bringing successive § 2255 actions under other names. *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir.2002). A movant seeking to file a second or successive § 2255 motion challenging a conviction or sentence must first obtain permission to do so from the appropriate appellate court. 28 U.S.C. § 2255(h). Because Brown has previously sought relief pursuant to § 2255, he must first obtain permission from the Eighth Circuit before proceeding here. *See Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir. 1998)(these restrictions are not an unconstitutional suspension of the writ of *habeas corpus*); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(only the court of appeals may authorize commencement of a second or successive petition). The rule is absolute. Prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district

court under a different name. *Boykin v. United States*, 242 F.3d 373 (8th Cir. 2000). Absent a certification from the Eighth Circuit, this Court lacks "the power and authority" to entertain a successive motion filed pursuant to § 2255.

**2. Instant Motion**:

As noted above, Brown now seeks to re-litigate various claims related to his sentence in the underlying criminal case. He admits at least three of his current claims were previously considered by this Court in a prior § 2255 proceeding. He clearly seeks to attack his original sentence in the underlying criminal case. The current "Motion to Reconsider Judgements" is a "successive motion" within the meaning of 28 U.S.C. § 2255(h). Because Brown has once again failed to obtain certification from the Eighth Circuit Court of Appeals, this Court lacks jurisdiction and the instant Motion should be denied.

**D. Recommendation**:

Accordingly, based on the foregoing, it is recommended the Motion to Reconsider Judgement (ECF No. 285) should be construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255 and should be **DENIED**.[3] Pursuant to 28 U.S.C. §1915(a), I also recommend the finding that an appeal from the denial of Brown's Motion would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this **24th day of January 2017**

       /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE