IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                              RESPONDENT

v.                            Case No. 4:01-cr-40019

BRIAN BROWN                                                                 MOVANT

# **ORDER**

Before the Court is the Report and Recommendation filed January 24, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 286). Judge Bryant recommends that Movant Brian Brown's Motion to Reconsider Judgments by this Court (ECF No. 285) is properly construed as a motion seeking relief pursuant to 28 U.S.C. § 2255, and thus should be denied as a second or successive section 2255 motion filed without permission from the United States Court of Appeals for the Eighth Circuit. Brown filed objections to the Report and Recommendation. (ECF No. 290). The Court finds the matter ripe for consideration.

Brown is currently serving concurrent terms of life in prison after being found guilty by a jury of kidnapping and aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1201(a)(1) and 2241(c). On June 9, 2003, the Eighth Circuit affirmed Brown's convictions. *See United States v. Brown*, 330 F.3d 1073 (8th Cir. 2003). On February 23, 2004, Brown filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 106). On July 13, 2006, the Court adopted a Report and Recommendation denying the motion. (ECF No. 193). Brown appealed, and on August 20, 2008, the Eighth Circuit affirmed the Court's order denying relief. (ECF No. 215). On March 22, 2011, Brown filed a motion styled "Motion

to Correct an Illegal Sentence That Violates Ex Post Facto Clause Fed. R. Crim. Proc. Rule 35 (2001)." (ECF No. 253). On January 3, 2012, the Court adopted a Report and Recommendation construing the motion as a successive motion seeking relief pursuant to section 2255 filed without permission from the Eighth Circuit, and denying the motion. (ECF No. 278).

Brown also filed a Petition for Mandamus with the Eighth Circuit on June 29, 2011. (ECF No. 269). The Eighth Circuit construed the petition as a request to file a successive motion pursuant to section 2255 and denied the petition. (ECF No. 273-1).

On June 8, 2011, the Court entered an order noting that Brown has filed numerous meritless pleadings in this Court, and that he continues to file motions styled with various headings that constitute successive habeas corpus petitions. (ECF No. 262). The Court noted that successive habeas petitions require a Certificate of Appealability from the Court of Appeals. The Court ordered that Brown must obtain leave of this Court or permission from the Court of Appeals before filing any additional pleadings in this matter.

On September 26, 2016, Brown attempted to file a motion styled "Motion to Reconsider Judgments by this Court that have been Effected by the Supreme Court of the United States." (ECF No. 285). Brown did not attempt to obtain leave of this Court or the Eighth Circuit before filing the motion, but through an error of the Court, the motion was filed. Although the Court's June 8, 2011 order restricting Brown's filing ability was in effect at the time Brown's motion was filed, the Court will nonetheless consider Brown's motion.

In his motion, Brown raises four issues: (1) that the judgment and sentence in this case violates the Constitution and is otherwise subject to collateral attack; (2) that he should be allowed to "retest" certain evidence admitted at the original trial of his criminal case; (3) that the United States Supreme Court's recent decision in *Welch v. United States* provides for collateral

review of his judgment and sentence; and (4) that the Court improperly calculated his sentence range under the United States Sentencing Guidelines in several ways. (ECF No. 285-1). The instant Report and Recommendation finds that each of these issues was previously considered by this Court and that each of the issues is an attack on Brown's sentence and thus should be construed as a motion to vacate pursuant to section 2255. The Report and Recommendation concludes that Brown's motion is a "successive motion" within the meaning of 28 U.S.C. § 2255(h), and recommends that the motion should be denied.

On April 3, 2017, Brown filed objections to the Report and Recommendation. Brown's objections are not responsive to the Report and Recommendation and offer no error of fact or law from which the Court finds it necessary to depart from the Report and Recommendation.[1] Accordingly, the Report and Recommendation is adopted *in toto*. Movant's motion (ECF No. 285) is hereby **DENIED**.

The Court wishes to stress that on June 8, 2011, the Court entered an order stating that **Brown must first seek and obtain leave of this Court or permission from the Court of Appeals before filing any additional pleadings with the Court involving this matter**. (ECF No. 262). The Court's error in allowing the instant motion to be filed does not change this, and the June 8, 2011 order—and its restrictions on Brown's filing ability—remain in effect.

**IT IS SO ORDERED**, this 21st day of June, 2017.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge

---

[1] Brown's objections argue at length that a writ of mandamus must issue in this case because habeas petitions pursuant to section 2255 and relief under Rule 60(b) are unavailable to him in this matter, and because the Court's June 8, 2011 order unconstitutionally suspends his ability to pursue the same. The Court notes that on March 22, 2017, Brown filed with the Eighth Circuit a petition for a writ of mandamus containing nearly identical arguments and language to that found in Brown's objections to the instant Report and Recommendation. (ECF No. 288). On April 4, 2017, the Eighth Circuit denied the petition. (ECF No. 291).